**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-40350
_____


ERNESTO C. CASTANEDA,

and

OCTAVIO CASTANEDA
d/b/a Aanedas Bail Bonds,

Plaintiffs-Appellants,

VERSUS

EUGENIO FALCON, JR.,
and
ROMERO MOLINA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

February 15, 1999

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


Ernesto Castaneda and Octavio Castaneda seek a civil contempt order against Eugenio Falcon, Jr., and Romero Molina for alleged non-compliance with a settlement agreement entered as a judgment. A magistrate judge denied the requested contempt order. We dismiss the appeal for lack of jurisdiction.

Ernesto Castaneda, doing business as Castaneda's Bail Bonds and Companies, Ltd., and Octavio Castaneda, doing business as Aanedas Bail Bonds Agency, sued Falcon, the sheriff of Starr County, Texas, and Molina, the county attorney, alleging that Falcon and Molina had implemented a plan to shut down the Castanedas' bail bonds businesses by falsely accusing them of being in default on bonds and by arbitrarily refusing to approve bonds they had executed. The Castanedas also allege that Falcon and Molina allowed a competing bail bondsman, who also was a sheriff's office employee, to violate Texas law.

The parties consented to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c). He conducted a settlement conference, at which time the parties placed an agreement on the record; the magistrate judge entered a corresponding written consent judgment. The agreement states that the Castanedas "shall be authorized to submit future disputes involving bail bonding practices and policies" to arbitration and specifies the arbitration procedure to be used.

Several years later, the Castanedas filed a motion for civil contempt, claiming that Falcon and Molina had violated the consent judgment.[1] The magistrate judge conducted an evidentiary hearing

---

[1] Falcon and Molina responded that the Castanedas had refused to agree to stay proceedings and to arbitrate. The contempt hearing record indicates that Falcon and Molina also filed a motion to compel arbitration, but a written motion to this effect cannot be located in the record. The magistrate judge took the defendants' motion to compel arbitration under advisement, noting that the Castanedas had argued that the consent judgment gave them the option to use

(continued...)

on the motion, then stated, and neither party disputed, that most of the alleged violations were cured or were being cured at that time.

More than a year after the hearing, the magistrate judge issued a memorandum opinion and order finding that, although Falcon and Molina had not complied perfectly with the terms of the consent judgment, the instances of non-compliance did not "rise[] to the level which would give rise to a judgment of contempt." The magistrate judge further stated that "[t]he parties are reminded that in the Agreed Judgment they consented to arbitrate any further disputes. The court suggests that in the event future disagreements arise that the parties use this means of resolving their disagreements."[2]

The Castanedas filed two timely notices of appeal from the judgment, one to the district court and one to this court. The record does not indicate that any action has been taken on the appeal to the district court. Although apparently represented by counsel before the magistrate judge, the Castanedas appear *pro se* in their appeal to this court.[3]

---

(...continued)
arbitration but did require them to do so.

[2] The opinion did not dispose of the motion to compel arbitration.

[3] Both Castanedas signed the notice of appeal to this court. Only Ernesto Castaneda has signed the Castanedas' opening brief; the reply brief is signed by both Castanedas.

3

II.

We must always be sure of our appellate jurisdiction and, if there is doubt, we must address it, *sua sponte* if necessary. *See Chunn v. Chunn (In re Chunn)*, 106 F.3d 1239, 1241 (5th Cir. 1997). The prevailing view is that a magistrate judge lacks the power to adjudicate contempt proceedings; pursuant to 28 U.S.C. § 636(e), a magistrate may only certify to the district court (or deny certification of) facts possibly constituting contempt.[4] Several of these courts have held or implied that a magistrate judge may address contempt pursuant *only* to § 636(e) and that § 636(c) does not confer the power to adjudicate contempt.[5] Accordingly, the greater weight of authority is that a court of appeals is without

---

[4] *See*, *e.g.*, *In re Hipp, Inc.*, 895 F.2d 1503, 1511 n.16 (5th Cir. 1990) (noting in *dictum* that, because contempt is an inherent article III power, magistrate judge has no authority to decide contempt motions and must certify facts to the district court); *Bingman v. Ward*, 100 F.3d 653, 656-57 (9th Cir. 1996) (relying on civil contempt cases for proposition that magistrate judge may not adjudicate criminal contempt); *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 903-06 (3d Cir. 1992) (holding magistrate judge may not adjudicate contempt, even under § 636(c), because contempt power falls only under § 636(e) requiring certification of facts); *Grimes v. City & County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (noting magistrate may only certify contempt to district court); *Proctor v. North Carolina*, 830 F.2d 514, 516, 521-22 (4th Cir. 1987) (holding that, when magistrate certifies facts pursuant to § 636(e) in course of § 636(c) proceedings, district court must allow the parties to present additional evidence); *Geras v. Lafayette Display Fixtures, Inc.*, 742 F.2d 1037, 1044 (7th Cir. 1984) (noting in *dictum* that, because contempt is an inherent article III power, "under no aspect of the Magistrate[s] Act, can a magistrate punish for contempt"); *Collins v. Foreman*, 729 F.2d 108, 117 (2d Cir. 1984) (noting in *dictum* that "even under section 636(c) references, the contempt powers remain with the district court"); *Cook v. Rockwell Int'l Co* 907 F. Supp. 1460, 1463 (D. Colo. 1995) (holding magistrate has power only to certify civil contempt facts to district court); *King v. Thornburg*, 762 F. Supp. 336, 342 (S.D. Ga. 1991) (holding magistrate's limited contempt jurisdiction found only in § 636(e)); *Stotts v. Quinlan*, 139 F.R.D. 321, 323-24 (E.D.N.C. 1991) (holding magistrate may only certify facts to district court for civil contempt in § 636(c) reference). *But see Miami Valley Carpenters Dist. Council Pension Fund v. Scheckelhoff*, 123 F.R.D. 263, 266 (S.D. Ohio 1988) (holding that parties' consent to magistrate's jurisdiction for all purposes under § 636(c) includes adjudicating contempt).

[5] *See*, *e.g.*, *Taberer*, 954 F.2d at 903-06; *Proctor*, 830 F.2d at 521-22; *Stotts*, 139 F.R.D. at 323-24.

jurisdiction to hear a direct appeal from a magistrate judge's decision regarding contempt certification, because only § 636(c) provides for direct appeals.[6]

We agree with this line of authority and conclude that, because § 636(e) contains no provision for direct appeal, we are without jurisdiction unless and until the district court acts and a proper notice of appeal is filed from whatever action the district court might take.  The instant appeal is DISMISSED.

---

[6] *See*, *e.g.*, *Trufant v. Autocon, Inc.*, 729 F.2d 308, 309 (5th Cir. 1984) (holding magistrate's decisions appealable to court of appeals only under § 636(c)); *Glover v. Alabama Bd. of Corrections*, 660 F.2d 120, 122-23 (5th Cir. Unit B Oct. 1981) (denying rehearing of *Glover v. Alabama Bd. of Corrections*, 651 F.2d 1014 (5th Cir. Unit B July 1981)) (holding that, because magistrate's decision "is not one of the district court," it is not directly appealable under § 1291); *Bennett v. General Caster Serv.*, 976 F.2d 995, 998-99 (6th Cir. 1992) (holding magistrate judge's decisions not directly appealable unless magistrate judge's power plenary as under § 636(c)); *Siers v. Morrash*, 700 F.2d 113, 115-16 (3d Cir. 1983) (holding that magistrate's decisions under § 636(b) are not final and appealable pursuant to § 1291 until reviewed by district court and that when Congress wants to allow direct appeal, as in § 636(c), it says so explicitly).