**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-60197
Summary Calendar
_____

MICHAEL D. HAAS; NICHOLAS M. HAAS;
GERALDINE HAAS MATTHEWS;
J. NORTON HAAS, JR.,

Plaintiffs-Appellees,

versus

BELLSOUTH TELECOMMUNICATIONS, INC.,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
(1:95-CV-310-G-R)

June 9, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The defendant BellSouth Telecommunications, Inc. ("BellSouth") appeals from the district court's judgment. The plaintiffs Michael Haas, Nicholas Haas, Geraldine Haas Matthews, and J. Norton Haas, Jr. ("the Haases") cross-appeal. We dismiss for lack of appellate jurisdiction.

I

This appeal arises from a property dispute. The Haases assert that BellSouth committed a

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

trespass when it placed underground telephone lines on the Haases' property. The jury returned a verdict for the Haases, but awarded zero dollars in actual damages. As to punitive damages, the court directed a verdict for BellSouth. The Haases moved for a new trial, and the district court granted a new trial on the issue of actual damages only.

Before holding a new trial, however, the district court issued a document entitled "Judgment." This document began: "This final and appealable judgment is entered as a result of the stipulation reached by the parties at the Pretrial Conference preliminary to the second trial in the case." In the "Judgment," the district court reaffirmed its earlier decision to grant the Haases a new trial on actual damages. It also found that the "maximum possible actual damages" were $7,800.00. Accordingly, it directed BellSouth to tender that amount to the court, pending the outcome of the parties' appeal. Apparently, the court derived the $7,800.00 maximum figure from evidence presented at the original trial. It never held a new trial on actual damages. Finally, the court found "that the parties have agreed to appeal and cross-appeal to the Fifth Circuit Court of Appeals" three issues. According to the "Judgment," BellSouth would appeal the district court's grant of a new trial on actual damages, and the Haases would appeal two earlier rulings: (1) the district court's directed verdict for BellSouth on punitive damages, and (2) the district court's decision not to declare a certain provision of the Mississippi Code unconstitutional.

II

We may raise *sua sponte* the issue of appellate jurisdiction. *See Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999). The highly irregular judgment now before us compels such an inquiry. The parties allege that the district court's judgment was final and therefore appealable under 28 U.S.C. § 1291. "A decision is final when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Briargrove*, No. 98-20262, 1999 WL 156154 at *2 (quoting *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 810 (5th Cir. 1993)).

We find that the district court's judgment falls short of § 1291's finality requirement, because it leaves unresolved the question of actual damages. *See Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S.

737, 744, 96 S. Ct. 1202, 1206, 47 L. Ed. 2d 435 (1976) (holding that a judgment is not final under § 1291 "where assessment of damages or awarding of other relief remains to be resolved"); *see also In re Morell*, 880 F.2d 855, 856 (5th Cir. 1989); 15B CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE §3915.2 (2d ed. 1992) ("Determinations of liability that leave unresolved questions of remedy ordinarily are not final.").

However, the parties insist that the district court's judgment resolved the issue of actual damages. The Haases suggest that the parties "in effect stipulated" that actual damages equaled $7,800.00. BellSouth contends that "Judgment was entered in favor of the [Haases] for $7,800.00, and a second trial was avoided." These assertions misconstrue the district court's judgment. The judgment does not state that the parties stipulated to actual damages totaling $7,800.00. Rather, the court finds that $7,800.00 is the "maximum possible actual damages," based apparently on the evidence present ed at the original trial. It does not enter judgment in favor of the Haases for $7,800.00. Nor does the district court, by its judgment, withdraw its decision to grant a new trial on actual damages. To the contrary, the judgment reaffirms its decision to hold a new trial. A party may not appeal an order granting a new trial until final judgment is entered. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S. Ct. 188, 190, 66 L Ed. 2d 193 (1980) ("An order granting a new trial is interlocutory in nature and therefore not immediately appealable.").

III

Accordingly, we DISMISS this appeal for lack of appellate jurisdiction.