**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-12

ALBERT ADAMS; ET AL,

       Plaintiffs,

    V.

GEORGIA GULF CORP; ET AL,

       Defendants.

JERRY A. OLDHAM; ALLEN CARLTON; RAIFORD WINSTEAD; JOHN CAPONE, JR.;
DALE A. WALSH; JOSEPH STELLY, also known as Jesse Stelly; CAROL L.
JONES

       Plaintiffs - Petitioners

    v.

LOUISIANA INTRASTATE GAS CO., LLC; LOUISIANA LIG LIQUIDS COMPANY
INTRASTATE GAS CORPORATION; AMOCO PRODUCTION COMPANY; AMOCO
PIPELINE COMPANY; AMOCO ENERGY TRADING CORPORATION; EQUITABLE
RESOURCES, INC.; ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES, LTD

       Defendants - Respondents

Application for Leave to Appeal
from an Interlocutory Order
(98-CV-1066)

May 18, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This is a motion for leave to appeal from an interlocutory order denying certification of class status under Federal Rule of Civil Procedure 23(f). Because this court does not have jurisdiction over this motion, we VACATE the order of the district court and REMAND with instructions.

Plaintiffs brought a civil action in the Louisiana Eighteenth Judicial District Court in 1998. Plaintiffs filed a motion to certify a class, but the state district court denied the motion. Plaintiffs timely appealed this judgment to the Louisiana First Circuit Court of Appeals. Soon thereafter, the case was removed to federal court under the Convention of the Recognition of Foreign Arbitral Awards, 9 U.S.C. § 205. After losing a motion to remand the case to state court, the plaintiffs filed a motion to certify the class in federal court under Federal Rule of Civil Procedure 23. The district court, after referral to a magistrate, adopted the state record and denied the class certification for essentially the same reasons as the state district court. Plaintiffs then filed a motion for permission to appeal under the recently enacted Federal Rule of Civil Procedure 23(f).

Federal courts have a duty to address issues of federal jurisdiction, *sua sponte* if necessary. *See Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999). When a state court case is

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removed to federal court, all orders and rulings of the state court remain in effect in federal court until modified by the district court.   *See* 28 U.S.C. § 1450; *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423 (1974).  This circuit has held that while state court orders and rulings remain in effect upon removal, they do not become appealable orders of the district court until the district court adopts them as its own.  *See Federal Deposit Insurance Corp. v. Meyerland Co. (In re Meyerland Co.)*, 960 F.2d 512, 520 (5th Cir. 1992) (en banc); *Federal Deposit Insurance Corp. v. Kahlil Zoom-In Markets, Inc.*, 978 F.2d 183 (5th Cir. 1992).  For example, if a timely notice of appeal has been filed in state court, the notice of appeal is valid as if it were filed in federal court and complied with the Federal Rules of Civil Procedure; before the case may be taken by the court of appeals, however, the district court must "take the state judgment as it finds it, prepare the record as required for appeal, and forward the case to a federal appellate court for review."  *In re Meyerland*, 960 F.2d at 520; *cf. Pollock v. Federal Deposit Insurance Co.*, 17 F.3d 798, 801 (5th Cir. 1994).  Thus, the district court may not transfer such a case to the court of appeals for lack of jurisdiction pursuant to 28 U.S.C. § 1631 prior to entering the state court order as its own, even though a valid notice of appeal had been filed, as there would be no final appealable judgment for the court of appeals to review.  *See Kahlil*, 978 F.2d at 184.

In the present case, the district court did not expressly

adopt the state court judgment as its own, nor did it make its own individual findings on the propriety of Rule 23 certification. Rather, the district court adopted the ruling of a magistrate judge employing the reasoning, but not adopting the ruling, of the state court. Accordingly, by neither: (1) entering an order expressly adopting the ruling of the state court, or (2) making its own finding that a class action under Fed.R.Civ.P. 23 could not proceed, the district court failed to create an appealable order which this court has jurisdiction to review.

The appropriate remedy in such a case is to vacate the order of the district court and remand the case so the district court may formally adopt the ruling of the state court denying class certification, causing an interlocutory order to be entered by the district court that may be appealable under Rule 23(f). *See Kahlil*, 978 F.2d at 184 (citing *5300 Memorial Investors, Ltd. v. Resolution Trust Corp. (In re 5300 Memorial Investors, Ltd.)*, 973 F.2d 1160, 1163 (5th Cir. 1992) (holding the district court correctly ruled that "[t]he July 26, 1990, order of the Court of Appeals will be adopted as an order of this court so that the parties may have the opportunity to pursue their appeals in the federal courts.")). Upon the entry of such order, the Plaintiffs may either attempt to pursue the appeal by demonstrating that under *Meyerland* the state court notice of appeal was sufficient to grant appellate jurisdiction to this court or, in the alternative, by

filing a proper Rule 23(f) motion for permission to appeal.[2]

Because the district court failed to enter the state court's denial of class certification as its own, no order of the district court under Rule 23 exists and thus this court does not have jurisdiction to entertain a motion for permission to appeal such an order under Rule 23(f). Accordingly, the district court's order entered on March 1, 2000 is VACATED and this matter is REMANDED to the federal district court for the entry of the state court's order denying class certification as a Rule 23 order.

---

[2]If the state court notice of appeal is not sufficient, Plaintiffs may also file a motion for reconsideration of the denial of class certification before the district court. The Rule 23(f) ten-day limitations period would be tolled during the pendency of any such properly filed motion for reconsideration. *See* FED.R.CIV.P. 4(a)(4); *Blair v. Equifax Check Services, Inc.*, 1818 F.3d 832, 837 (7th Cir. 1999).