**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-31375**
_____

**CRAIG MOLER,**

**Plaintiff-Appellee,**

**versus**

**WILLIAM BELT, as duly elected**
**Sheriff and Chief Policy Maker**
**of Avoyelles Parish,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Western District of Louisiana
Civil Docket 99-2395-A

_____

December 19, 2002

Before JONES, SMITH and SILER,[*] Circuit Judges.

SILER, Circuit Judge.[**]

Sheriff William Belt appeals the district court's denial of summary judgment based on qualified immunity. We dismiss this appeal for lack of interlocutory appellate jurisdiction.

---

[*] Circuit Judge of the 6th Circuit, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

It is the obligation of this court to examine the issue of jurisdiction *sua sponte* if necessary. *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999). Under 28 U.S.C. § 1291, we have jurisdiction to hear an appeal only from a final decision of the district court. The Supreme Court has held that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final' decision within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). We have clarified, however, that "[a]lthough a state or its officers sued in their official capacities may raise immunity defenses on interlocutory appeal, a municipal government may not." *Skelton v. Camp*, 234 F.3d 292, 296 (5th Cir. 2000). A suit against a sheriff in his official capacity is a suit against the Parish. *Jacobs v. West Feliciana Sheriff's Dep't.*, 228 F.3d 388, 392 (5th Cir. 2000). Therefore, we may not review a district court's denial of summary judgement with respect to a sheriff sued in his official capacity. *Id*.

When questioned during oral argument, counsel for the plaintiff indicated that Sheriff Belt was being sued in his official capacity. Our review of the complaint confirms this assertion. The complaint specifically states that "Defendant Belt, in the official capacity as Sheriff and custodian of prisoners . . . tolerated and allowed . . . customs, policies and practices

2

to exist which . . . directly and proximately caused the deprivation of the civil and constitutional rights of plaintiff . . . ." Therefore, because Sheriff Belt is not being sued in his individual capacity, we dismiss this appeal for lack of interlocutory appellate jurisdiction.

**APPEAL DISMISSED.**