# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51431

JON R. DEUTSCH,

Plaintiff - Appellant

v.

TRAVIS COUNTY SHOE HOSPITAL, INCORPORATED,

Defendant - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CV-1198

Before REAVLEY, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jon R. Deutsch appeals from the district court's judgment, which dismissed his Americans with Disabilities Act claims for lack of Article III standing. Deutsch also appeals the magistrate judge's contempt order that fined his counsel $2,500 and the district court's awarding attorney's fees to Travis County Shoe Hospital, Incorporated.

We AFFIRM in part and REMAND in part with instructions.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51431

## FACTUAL AND PROCEDURAL BACKGROUND

Jon R. Deutsch is a paraplegic who relies upon a wheelchair for mobility. Travis County Shoe Hospital, Incorporated is a shoe repair business in Austin, Texas. This suit is one of almost 400 Americans with Disabilities Act ("ADA") lawsuits that Deutsch has brought against businesses in the Austin area.

Deutsch alleges that he attempted to visit Travis County Shoe in August 2015 in order to have a pair of boots resoled. Deutsch was unable to enter the premises, though, because someone was parked too close to his parking space and he could not exit his vehicle. Deutsch did not notify Travis County Shoe about being unable to access the premises.

Instead, Deutsch filed this lawsuit against Travis County Shoe in the United States District Court for the Western District of Texas. Deutsch alleged he "experienced difficulty and discomfort" at Travis County Shoe because he encountered and "deal[t] with the lack of an accessible facility." Deutsch argued Travis County Shoe's facility was inaccessible because it had no "ADA-Compliant Van Accessible parking spaces in the parking lot that serves the business" and because "the threshold to the store entrance" exceeded half of an inch. Deutsch claimed these impediments were violations of Title III of the ADA and the Texas Accessibility Standards ("TAS").

For the alleged ADA violations, Deutsch sought attorney's fees, a declaratory judgment, and a permanent injunction compelling Travis County Shoe to "restripe the parking lot in order to add the required numbers of accessible parking spaces" and to "modify the building by installing less than [half of an inch] thresholds at the entrance." Deutsch also sought a declaratory judgment and permanent injunction under the TAS.

Travis County Shoe filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court referred the motion to a magistrate judge who then ordered a consolidated hearing. The consolidation

No. 16-51431

was of the lawsuits brought by Deutsch in which defendants had filed motions challenging his standing to sue.  The order that set the hearing conspicuously stated: "IT IS FURTHER ORDERED that Plaintiff Jon R. Deutsch be present at the hearing, and be prepared to provide sworn testimony on the standing issues raised in the motions."  Notwithstanding that directive, Deutsch was not present at the hearing.

At the hearing, the magistrate judge asked Deutsch's counsel, Omar Rosales, about Deutsch's absence.  Rosales responded that he did not instruct Deutsch to be present because on the previous day, the parties settled the cases where the standing issue was raised.  Rosales also contended that the magistrate judge only ordered Deutsch to be present on two cases.  Those were the cases, Rosales argued, for which the notification of electronic filing generated by the district court's CM/ECF system mandated his client's presence.  The magistrate judge recessed the hearing because of Deutsch's absence.

The magistrate judge subsequently entered an order instructing Rosales to appear before the court and show cause "why he should not be held in contempt of court, and punished accordingly" for his client's absence at the hearing.  Rosales appeared at the show-cause hearing and took full responsibility for his client's absence.  Rosales stated that "[i]n haste, [he] didn't read the order . . . . [He] just looked at the Pacer entry."  The magistrate judge found Rosales in contempt and ordered him to pay a fine of $2,500. Deutsch filed objections to the magistrate judge's order of contempt with the district court.

The hearing on the motion to dismiss was later resumed.  Deutsch was present at this hearing and was questioned by defense counsel about the facts he contended supported his standing to sue.  The hearing addressed standing in four cases, one of which was the Travis County Shoe lawsuit.

No. 16-51431

Following the hearing, the magistrate judge submitted to the district court a report and recommendation, which concluded that Deutsch lacked Article III standing to pursue his ADA claims and recommended that the lawsuit be dismissed pursuant to Rule 12(b)(1). The report and recommendation did not address the Rule 12(b)(6) component of Travis County Shoe's motion to dismiss. Deutsch timely submitted objections to the report and recommendation.

The district court overruled Deutsch's objections, adopted the report and recommendation, and granted Travis County Shoe's motion to dismiss. The district court then issued a final judgment that dismissed Deutsch's ADA claims without prejudice and awarded to Travis County Shoe its costs of court. The district court also declined to exercise supplemental jurisdiction over Deutsch's state law claim and dismissed that claim without prejudice.

Deutsch has appealed the district court's final judgment and the magistrate judge's order of contempt.

DISCUSSION

Deutsch raises three arguments on appeal. First, he contends the district court erred in concluding he lacked Article III standing to pursue his ADA claims because there is precedent from this court supporting that he has such standing. Second, he argues the magistrate judge erroneously issued a contempt order that fined his counsel $2,500. And third, Deutsch argues the district court's award of attorney's fees to Travis County Shoe was error.

I.    *Deutsch's Article III standing to pursue his ADA claims*

A district court's Rule 12(b)(1) dismissal is reviewed *de novo*, as are legal questions relating to standing and mootness. *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 421 (5th Cir. 2013). "Mootness is 'the doctrine of standing in a time frame. The requisite personal interest that must

4

exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'" *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)).

The doctrines of standing and mootness "originate in Article III's 'case' or 'controversy' language." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When two or more Article III jurisdictional grounds are presented to the court as grounds for dismissing the action," we need not "address all of those arguments or address the arguments in any particular order." *Sierra Club v. Glickman*, 156 F.3d 606, 619–20 (5th Cir. 1998).

Travis County Shoe argues the district court properly granted its motion to dismiss under Rule 12(b)(1) because Deutsch lacks standing to bring his ADA claims and because the ADA claims are moot. We conclude the district court did not err in dismissing Deutsch's claims for lack of standing, and thus we do not reach the issue of mootness.

To have Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

The injury in fact element is the "'[f]irst and foremost' of standing's three elements." *Id.* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and

particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Title III of the ADA limits a plaintiff "to injunctive relief, and a restraining or other similar order." *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997) (citing 42 U.S.C. § 12188). Standing for injunctive relief requires "a threat of present or future harm" to the plaintiff. *Id.* (citation omitted). Even if the plaintiff has previously encountered illegal conduct, there is no current case or controversy to support an injunction if there are no "continuing, present adverse effects." *Lujan*, 504 U.S. at 564 (citations omitted). Mere "'some day' intentions — without any description of concrete plans, or indeed even any specification of *when* the some day will be — do not support a finding of the 'actual or imminent' injury." *Id.*

Here, the district court found that Deutsch had no concrete plans to patronize Travis County Shoe in the future. The district court further found that Deutsch's "sole intent in this campaign of litigation (an intent shared by his attorney) is to collect as much money as possible from the defendants, without ever setting foot in their premises" and that in many of the instances where Deutsch sued a company for ADA violations, "the most interaction Deutsch has ever had with the defendant was to look at the business's parking lot from his car." Accordingly, the district court held that Deutsch had failed to demonstrate that his alleged injury in fact was actual or imminent.

Deutsch contends the district court ignored a binding decision from this court in concluding he did not have standing. *See Frame v. City of Arlington*, 657 F.3d 215 (5th Cir. 2011) (en banc). In the case Deutsch relies upon, however, we discussed standing in the context of Title II of the ADA, not the section Deutsch has used, Title III. *Id.* at 235–36. Even were we to assume

that *Frame* is applicable in the Title III context, Deutsch has still failed to show that he has suffered an actual or imminent injury.

In *Frame*, we noted that having "'some day' intentions to use a particular sidewalk, 'without any description of concrete plans,' does not support standing." *Id.* at 235 (quoting *Lujan*, 504 U.S. at 564). We added that "'imminence' is an 'elastic concept'" and "a disabled individual need not engage in futile gestures before seeking an injunction; the individual must show only that an inaccessible sidewalk actually affects his activities in some concrete way." *Id.* at 235–36. We held that the plaintiffs had pled sufficient facts to support their right to sue, as they had "alleged in detail how specific inaccessible sidewalks negatively affect their day-to-day lives by forcing them to take longer and more dangerous routes to their destinations." *Id.* at 236.

In contrast, Deutsch has not provided a description of any concrete plans to return to Travis County Shoe, and he also has not shown how the alleged ADA violations negatively affect his day-to-day life. Deutsch testified at the hearing that he had not been to Travis County Shoe before the day he alleges he encountered the ADA violations. Deutsch further testified that he had not returned to the business since that day. He "perhaps" had an intention of returning to the business but had no specific intention of doing so.

Based on evidence in the record, Deutsch has visited Travis County Shoe one time. Not only has he not returned to the business, he has not expressed an intent to do so even if any alleged barrier to his access is removed. In addition, unlike the plaintiffs in *Frame*, Deutsch has not shown how the alleged ADA violations negatively affect his day-to-day activities. *See id.*

Accordingly, we hold that Deutsch has failed to show he faces "any real or immediate threat that [he] will be wronged again" — a threat that is "actual or imminent, not 'conjectural' or 'hypothetical.'" *See City of Los Angeles v.*

No. 16-51431

*Lyons*, 461 U.S. 95, 111 (1983); *Lujan*, 504 U.S. at 560 (citations omitted). The district court properly dismissed Deutsch's ADA claims for lack of standing. [1]

## II.    *The contempt order fining Deutsch's counsel $2,500*

The magistrate judge issued a contempt order under 28 U.S.C. §§ 636(e)(2) and (5), fining Deutsch's counsel $2,500. Deutsch has appealed the contempt order. Although the parties do not challenge whether we have jurisdiction to review the magistrate judge's contempt order, "because the magistrate judge's authority to enter a final, appealable order implicates this court's jurisdiction," we must still address the issue. *E.g.*, *Donaldson v. Ducote*, 373 F.3d 622, 624 (5th Cir. 2004).

Congress has given magistrate judges the authority to exercise contempt authority. *See* 28 U.S.C. § 636(e) (2016). Though we have not held a magistrate judge is without authority to adjudicate contempt proceedings, we have specified that "[t]he prevailing view is that a magistrate judge lacks the power to adjudicate contempt proceedings; pursuant to [Section] 636(e), a magistrate may only certify to the district court (or deny certification of) facts possibly constituting contempt." *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999).

We have dismissed an appeal from a magistrate judge's denial of civil contempt when the order was not first presented to the district court. *See id.* That was "because [Section] 636(e) contains no provision for direct appeal, we are without jurisdiction unless and until the district court acts and a proper notice of appeal is filed from whatever action the district court might take." *Id.*

---

[1] We do not hold that *Frame* is applicable to lawsuits pertaining to Title III of the ADA. We discuss *Frame* only to address Deutsch's argument that under that precedent he has standing.

Section 636(e)(7) also provides that an appeal of a magistrate judge's contempt order "shall be made to the court of appeals in cases proceeding under subsection (c) of this section." Subsection (c) authorizes magistrate judges, with the voluntary consent of the parties, "to conduct proceedings and enter final judgment in a case; such judgment is then appealable to the circuit court directly." *Trufant v. Autocon, Inc.*, 729 F.2d 308, 309 (5th Cir. 1984) (citing 28 U.S.C. §§ 636(c)(1), (3)). In cases not proceeding under subsection (c), appeals of a magistrate judge's contempt order "shall be made to the district court." 28 U.S.C. § 636(e)(7). There is neither record evidence nor appellate argument that this case proceeded under subsection (c). In fact, the district court's order that referred Travis County Shoe's motion to dismiss to the magistrate judge cites 28 U.S.C. § 636(b)(1)(B).

After the magistrate judge filed a report and recommendation with the district court, Deutsch filed objections to it. Neither the report and recommendation nor Deutsch's objections mentioned the contempt order. The district court subsequently entered an order that overruled Deutsch's objections to the report and recommendation, accepted and adopted the report and recommendation, and granted Travis County Shoe's motion to dismiss. The order was silent as to the contempt order and Deutsch's objections to it. The district court also entered a final judgment that was similarly silent. The final judgment stated that "nothing remain[ed] to be resolve[d]" and ordered the case closed.

There is no suggestion in the record that the district court considered the magistrate judge's contempt order. Although Deutsch filed objections to the contempt order shortly after it was entered by the magistrate judge, the district court did not issue an order that acknowledged the objections.

Moreover, instead of filing objections, Deutsch should have appealed the magistrate judge's contempt order to the district court. *See id.*

There is precedent suggesting that the final judgment could be interpreted as implicitly overruling Deutsch's objections to the contempt order. *See Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). However, given the seriousness of contempt orders and the lack of any suggestion in the record that the district court considered the magistrate judge's order of contempt, we remand to the district court for its consideration of issues of procedure and substance regarding the contempt order.

## III.    *The award of attorney's fees to Travis County Shoe*

In Deutsch's briefing, he contended the district court erred in awarding attorney's fees to Travis County Shoe. The district court did no such thing. It awarded Travis County Shoe its costs of court. Deutsch has now conceded the point.

We AFFIRM the district court's dismissing of Deutsch's ADA claims and REMAND for consideration of the issues of contempt.