# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2021

Lyle W. Cayce
Clerk

No. 19-40557

Joe Shields,

*Plaintiff—Appellant*,

*versus*

Kennedy Weaver, *individually*,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:18-CV-150

---

Before King, Elrod, and Willett, *Circuit Judges*.

Per Curiam:*

Before considering an appeal's merits, we must confirm that we have jurisdiction. *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999). Under 28 U.S.C. § 1291, we are limited to reviewing "final decisions of the district courts." In suits against multiple defendants, a decision is not final, and therefore not appealable, until "the district court has decided all claims

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

against all parties." *Williams v. Seidenbach*, 958 F.3d 341, 346 (5th Cir. 2020) (en banc); *see also* FED. R. CIV. P. 54(b). This appeal contravenes the final-judgment rule in two ways. First, plaintiff Joe Shields appeals the *denial* of summary judgment on his claims against defendant Kennedy Weaver. But "[a] denial of summary judgment is not a final order within the meaning of 28 U.S.C. § 1291." *Skelton v. Camp*, 234 F.3d 292, 295 (5th Cir. 2000). Second, the district court has not decided all claims against all parties. While the default judgment eventually resolved all claims against defendant Gawk Inc., the voluntary dismissal of defendant Scott Kettle without prejudice is not a final decision under our precedent. *See Williams*, 958 F.3d at 343.

Before he can appeal, Shields must obtain a final decision on all of his claims against Weaver. The denial of summary judgment does not suffice. Then, he needs to terminate Kettle from the lawsuit. Shields can do this in a number of ways—by amending his complaint if permitted to do so by the district court, severing Kettle under Rule 21 of the Federal Rules of Civil Procedure, dismissing Kettle with prejudice under Rule 41, or seeking a partial final judgment on his claims against Weaver under Rule 54(b). *Id.* at 346. As long as claims against Weaver and Kettle are pending, we lack jurisdiction to entertain an appeal.

IT IS ORDERED that this appeal is DISMISSED for lack of jurisdiction.