# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 10, 2010

Lyle W. Cayce
Clerk

No. 09-40665
Summary Calendar

DAVID L. SHAW,

Plaintiff-Appellant

v.

KAREN NORMAN, Property Officer, Beto Unit; SHERRI L. MILLIGAN, Property Officer, Beto Unit; CHAPLAIN KISSER,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:07-CV-443

Before KING, GARZA, and STEWART, Circuit Judges.

PER CURIAM:*

David L. Shaw, federal prisoner # 689847, filed a civil rights complaint, alleging that certain property officers at the Beto Unit improperly confiscated and destroyed his property, including his Koran, prayer rug, and prayer beads, and that the Chaplain at the Beto Unit removed Shaw from the list of inmates who observe the Muslim holiday of Ramadan.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court dismissed some of Shaw's claims, but allowed him to proceed to trial on his First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA) claims. The jury found that the defendants did not violate Shaw's First Amendment rights. The court ruled on Shaw's RLUIPA claim, finding that the confiscation of the prayer rug and prayer beads did not violate RLUIPA, but that the confiscation of the Koran did. Following entry of judgment, Shaw moved for a new trial. The district court denied the motion. This appeal followed.

Shaw's briefing sets forth facts and conclusional statements, but does not identify specific errors in the jury verdict or the district court's rulings. While this court liberally construes pro se briefs, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), we require arguments to be pleaded and briefed in order to be preserved. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). When an appellant does not identify error in the district court's analysis, it is the same as if the appellant had not appealed the judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, Shaw has abandoned any challenge to the jury verdict or district court's rulings.

Shaw's briefing asserts several claims that were not presented to the district court. These claims will not be considered. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Furthermore, construing Shaw's November 18, 2009 filing as a motion to request the production of transcripts at the Government's expense, we DENY the motion because Shaw has not satisfied his burden to show that he will raise a nonfrivolous issue on appeal. 28 U.S.C. § 753(f); *see Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985).

Shaw's appeal is without merit and, thus, dismissed as frivolous. *See* 5TH CIR. R. 42.2; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996). Shaw is cautioned that the accumulation of three strikes would mean that he may not proceed in

forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.