# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 10, 2011

Lyle W. Cayce
Clerk

No. 10-60702
Summary Calendar

MICHAEL JAMES GOINS,

Petitioner,

v.

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, US
DEPARTMENT OF LABOR; LAKE CHARLES STEVEDORES,
INCORPORATED; PORTS INSURANCE COMPANY; J.J. FLANAGAN
STEVEDORES; SIGNAL MUTUAL INDEMNITY ASSOCIATION, LIMITED,

Respondents.

Petition for Review of an Order of the Benefits Review Board
BRB Nos. 09-0733 and 10-0321

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael James Goins (Petitioner), acting *pro se*, seeks review of an order of the Benefits Review Board (BRB) affirming an Administrative Law Judge's decision to dismiss Petitioner's Longshore and Harbor Workers' Compensation Act (LHWCA) claims against his former employers—Lake Charles Stevedores,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60702

Incorporated (LCS) and J.J. Flanagan Stevedores (JJF) (collectively Respondents). For the following reasons, we deny the petition for review.

## I

On May 8, 2007, an ALJ awarded Petitioner temporary total disability benefits for four separate injuries suffered during his employment with LCS and JJF. Petitioner subsequently filed a second claim against both LCS and JJF. In that second claim, Petitioner alleged Respondents had violated 33 U.S.C. § 931(c), which prohibits a person from "knowingly and willfully mak[ing] a false statement or representation for the purpose of reducing, denying, or terminating benefits to an injured employee,"[1] by withholding from the ALJ in the 2007 proceeding important wage records, medical documents, and other relevant documents. Petitioner also alleged Respondents had violated 33 U.S.C. § 948a, which prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against an employee as to his employment because such employee has claimed or attempted to claim compensation from such employer, or because he has testified or is about to testify in a proceeding under this chapter."[2]

Both LCS and JJF moved for a summary decision on Petitioner's claims, and on March 11, 2009, an ALJ entered an order granting those motions in part. Specifically, the ALJ determined that Petitioner had failed to present evidence that either LCS or JJF had violated § 931(c) of the LHWCA and dismissed those claims. With respect to Petitioner's § 948a claims, the ALJ dismissed Petitioner's claim against LCS as meritless. The ALJ did determine that Petitioner had made out a prima facie case of a § 948a violation against JJF, however, because Petitioner had shown a termination and subsequent refusal

---

[1] 33 U.S.C. § 931(c).

[2] *Id.* § 948a.

2

No. 10-60702

by JJF to hire Petitioner.  After conducting formal hearings, receiving exhibits, and hearing from witnesses, the ALJ ultimately denied that claim in a separate order.  Petitioner subsequently appealed the ALJ's decisions to the BRB, the BRB affirmed, and Petitioner now seeks relief in this court.

## II

The scope of our review of a decision of the BRB is limited.  Our "only function is to correct errors of law and to determine if the BRB has adhered to its proper scope of review—*i.e.*, has the Board deferred to the ALJ's fact-finding or has it undertaken de novo review and substituted its views for the ALJ's."[3] "[O]nce the BRB affirms an order of the ALJ, we need only inquire whether the BRB correctly concluded that the ALJ's order was supported by substantial evidence on the record as a whole and is in accordance with the law."[4] "Substantial evidence is evidence that provides 'a substantial basis of fact from which the fact in issue can be reasonably inferred . . . more than a scintilla . . . more than create a suspicion . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[5]  With respect to findings of fact, "the ALJ, as sole factfinder, is entitled to consider all credibility inferences and his selection among inferences is conclusive if supported by the evidence and the law."[6]  We review all questions of law de novo.[7]

---

[3] *Avondale Shipyards, Inc. v. Vinson*, 623 F.2d 1117, 1119 n.1 (5th Cir. 1980).

[4] *Bollinger Shipyards, Inc. v. Dir., Office of Workers' Comp. Programs*, 604 F.3d 864, 871 (5th Cir. 2010) (internal quotation marks, brackets, and citation omitted).

[5] *Avondale Indus., Inc. v. Dir., Office of Workers' Comp. Programs*, 977 F.2d 186, 189 (5th Cir. 1992) (quoting *Diamond M. Drilling Co. v. Marshall*, 577 F.2d 1003, 1006 (5th Cir. 1978)).

[6] *Bollinger Shipyards, Inc.*, 604 F.3d at 871 (internal quotation marks, brackets, and citation omitted).

[7] *Id.*

No. 10-60702

## III

Petitioner's briefing in support of his petition for review is not a model of clarity, but we can divine that he raises a number of grievances with the BRB's order and the ALJ's decision, and alleges misconduct on the part of the U.S. Department of Labor's Office of Workers' Compensation Programs (OWCP) and other entities. The gravamen of Petitioner's argument appears to be that the ALJ conspired with the OWCP and the Respondents to bar Petitioner's claims by, among other forms of alleged misconduct, damaging key evidence and omitting materials from its consideration of his LHWCA claims. Petitioner also asserts the BRB erred when it failed to review and investigate his claims. He further suggests the BRB, in reviewing the ALJ's decision, mistakenly relied on the wrong transcript of ALJ proceedings.

None of these grievances provides a basis for relief. First, we believe that Petitioner has waived these challenges due to his failure to adequately brief them. Second, we conclude that, even if Petitioner did properly raise his arguments, the ALJ's orders are supported by substantial evidence and Petitioner is thus not entitled to relief.

## A

We first consider whether Petitioner adequately raised any issues in his petition for review. With limited exceptions, the Federal Rules of Appellate Procedure "apply to the review or enforcement of an agency order."[8] These rules require an appellant's brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."[9] "Failure adequately to brief an issue on appeal constitutes

---

[8] FED. R. APP. P. 20; *see also United Gas Pipe Line Co. v. FERC*, 824 F.2d 417, 434 (5th Cir. 1987).

[9] FED. R. APP. P. 28(a)(9)(A).

waiver of that argument."[10]    Moreover, "[a]lthough *pro se* briefs are to be liberally construed, *pro se* litigants have no general immunity from the rule that issues and arguments not briefed on appeal are abandoned."[11]

The adequate briefing standard is a low hurdle, but we must conclude Petitioner's briefing fails to clear it.  His briefing lacks record citations, citations to relevant legal authority, or any supporting documentation whatsoever with respect to his arguments.   Petitioner's record excerpts, also, provide no indication of the basis of his claims.  Petitioner's handwritten notations on the BRB's order, for example, claim Petitioner "presented good evidence and releavant [sic] material to the Office of Administrative Law Judge to not grant summary motion of Employers," but fail to direct this court to that evidence.  We have consistently recognized that when an appellant fails to provide "'the reasons he deserves the requested relief with citation to the authorities, statutes and parts of the record relied on,'" that failure constitutes waiver.[12]  We therefore hold Petitioner's inadequate briefing waives his challenges to the BRB's order.

**B**

Moreover, even if Petitioner had preserved a challenge to the BRB's order, our independent review of the record leaves us convinced the ALJ's decision was supported by substantial evidence and the BRB did not err in affirming the ALJ's decision.

---

[10] *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) (citations omitted).

[11] *Geiger v. Jowers*, 404 F.3d 371, 373 n.6 (5th Cir. 2005) (citations omitted); *see also United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("[W]hile we construe *pro se* pleadings liberally, *pro se* litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure.").

[12] *Turner v. Quarterman*, 481 F.3d 292, 295 n.1 (5th Cir. 2007) (quoting *Hughes v. Dretke*, 412 F.3d 582, 597 (5th Cir. 2005)).

No. 10-60702

With respect to Petitioner's § 931(c) claims, the ALJ concluded Petitioner had failed to submit evidence that Respondents made a material misrepresentation for the purpose of reducing, denying, or terminating Petitioner's benefits. The record reflects Petitioner did submit to the ALJ wage records documenting his earnings during specific time periods, but Petitioner fails to explain the significance of these records or how these records indicate Respondents "knowingly and willfully" made a false statement or representation for the purpose of reducing, denying, or terminating Petitioner's benefits. Rather, the crux of Petitioner's complaint appears to be his belief that his evidence demonstrates his entitlement to a higher calculation of his average weekly wage for purposes of the ALJ's 2007 award of temporary total disability benefits. The ALJ's 2007 order is not the subject of the BRB decision at issue in this case, however, and we lack jurisdiction to review any claims arising from the proceedings associated with that order.[13] In short, because Petitioner fails to point to any particular statement by Respondents that he believes violated § 931(c), we conclude the ALJ properly dismissed Petitioner's claims.

We next consider the ALJ's treatment of Petitioner's claims under 33 U.S.C. § 948a. There are two elements to a claim under § 948a. First, "the employer must commit a discriminatory act."[14] Second, "the discriminatory act must be motivated by animus against the employee because of the employee's pursuit of his rights under the [LHWCA]."[15]

---

[13] *See Rivere v. Offshore Painting Contractors*, 872 F.2d 1187, 1190 (5th Cir. 1989) ("We lack jurisdiction to review actions of the ALJ in the first instance. Under the congressionally-established format, the BRB is the appellate authority for the ALJ. We review the actions of the BRB.").

[14] *Geddes v. Benefits Review Bd. U.S. Dep't of Labor*, 735 F.2d 1412, 1415 (D.C. Cir. 1984).

[15] *Id.* (citation omitted); *see also Holliman v. Newport News Shipbuilding & Dry Dock Co.*, 852 F.2d 759, 761 (4th Cir. 1988).

No. 10-60702

With respect to Petitioner's claim against LCS, the ALJ dismissed the claim because Petitioner failed to point to a discriminatory act by LCS. Petitioner still has not pointed to a discriminatory act by LCS. Accordingly, we see no error in the ALJ's dismissal of this claim.

With respect to Petitioner's claim against JJF, the ALJ identified two potential discriminatory acts—JJF's discharge or permanent suspension of Petitioner on March 12, 2005, and JJF's refusal, despite Petitioner's seniority, to assign Petitioner to traveling gangs or give him lighter jobs when such gangs were conducting work outside Lake Charles, Louisiana. The ALJ denied Petitioner's claim, however, after determining JJF demonstrated that discriminatory animus played no role in those decisions. We agree with the BRB that the ALJ's determination is supported by substantial evidence in the record.

The ALJ heard testimony and received evidence indicating Petitioner was terminated because he cursed at and threatened a coworker and his supervisor. Further, there is testimony in the record to the effect that seniority played no role in the assignment of work to traveling gangs in ports outside of Lake Charles and that this characteristic of the work assignment process was a source of complaint for other longshoremen. The record thus supports the ALJ's determination that there was no evidence supporting Petitioner's claim that his difficulty attaining work in these gangs, despite his seniority, was "motivated by animus against the employee because of the employee's pursuit of his rights under the [LHWCA]."

\*      \*      \*

For the above reasons, the petition for review of the decision of the BRB is DENIED.