JAMES E. GRAVES, JR., Circuit Judge:
This case arises from a dispute over attorney’s fees that were generated in an underlying bankruptcy case. Okin Adams & Kilmer L.L.P., (“OAK”) made a request for attorney’s fees in the bankruptcy court for the legal services it provided when representing debtors in Chapter 11 proceedings. The bankruptcy court awarded OAK only a portion of its overall attorney’s fees request. OAK appealed the bankruptcy court’s decision to the district court. OAK now seeks review of the district court’s order, which vacated in part and remanded the case back to the bankruptcy court. We need not reach the merits of this appeal because we find appellate-jurisdiction to be lacking under this Court’s well-established principle that a district court order is not final within the meaning of 28 U.S.C. § 158(d) when that order reverses an order of the bankruptcy court and remands the case for significant further proceedings on the very issue the parties seek to address on appeal. This appeal is therefore DISMISSED for lack of appellate jurisdiction.
FACTS AND PROCEDURAL HISTORY
This appeal arises out of a bankruptcy proceeding initiated on December 23, 2008, by Charles Cheatham, who filed for bankruptcy under Chapter 11 of the bankruptcy code on behalf of himself and several companies he owned, including Sterling Exploration & Production Co., LLC; Ya-zoo Pipeline Co., L.P.; and Matagorda Operating Company. (R. 3206). The bankruptcy cases were jointly administered, and the bankruptcy court entered an order authorizing OAK to represent the debtors effective January 9, 2009. (R. 3207). After the bankruptcy cases were filed, the *213 debtors incurred significant unauthorized administrative claims and failed to timely file their first few monthly operating reports with the bankruptcy court. (R. 3206-07). During this time, OAK was exploring the potential of selling an interest in the debtor companies or the companies’ assets with several entities, but the sales were never completed. (R. 3208-09). By early June 2009, the bankruptcy court became aware that the debtors’ unauthorized expenses had significantly exceeded the estimates in the budgets filed with and approved by the court. (R. 3209).
Finding that the debtors had failed to meet filing and reporting deadlines, had failed to comply with court orders, and were continuing to operate at a loss, the bankruptcy court ordered that the Yazoo and Sterling cases be converted to Chapter 7 on December 8, 2009, and the court converted Matagorda’s case to Chapter 7 on February 8, 2010. (R. 3212). Joseph M. Hill was appointed to serve as the Chapter 7 trustee in the debtors’ cases. (R. 3212).
On April 6, 2010, OAK filed an application in the bankruptcy court for fees and expenses incurred while serving as the debtors’ counsel in the Chapter 11 cases. (R. 3213). OAK requested $364,566.50 in fees and $8,881.55 in expenses for legal services it performed between January 9 and December 8, 2009. (R. 3213). OAK’s fee application divided its work into nine categories.[1] (R. 3213). Following the rule in In re Pro-Snax,[2] the bankruptcy court denied most of OAK’s attorney’s fees request, finding that only three categories of OAK’s services had actually resulted in an identifiable, tangible, and material benefit to the debtors’ estate.[3] (R. 3217). The bankruptcy court issued its final order on May 20, 2010 awarding OAK $60,000 in fees and expenses. (R. 3217).
OAK appealed the bankruptcy court’s decision to the district court. (R. 3217). Upon appellate review, the district court issued its order on December 21, 2012, which affirmed in part, vacated in part, and remanded the case back to the bankruptcy court. (R. 3205-32). Specifically, the district court affirmed the bankruptcy court’s ruling that only three categories of OAK’s services were compensable under the Pro-Snax rule (R. 3206); vacated the award of $60,000 in fees and expenses because OAK had not identified how many hours it spent providing legal services for the three compensable categories of work (R. 3206); and (3) remanded the case to the bankruptcy court to determine a reasonable attorney’s fee award, after OAK submitted an additional fee request that complied with the district court’s order. (R. 3251). In its order remanding the case back to the bankruptcy court, the district court explained:
*214 The fee application OAK submitted included a summary of [ ] hours spent on professional services on the debtors’ behalf from January 9 to December 8, 2009. The summary divides the work into nine categories- These categories do not track or correspond to the three categories of legal services the bankruptcy court found compensa-ble.... The parties did not identify or provide any efficient way for the court to identify, how many hours OAK spent on these three categories of legal services. Because the record does not reveal the connection between the $60,000 awarded and the hours expended or the result obtained, the fee amount is reversed and this ease is remanded for the bankruptcy court to determine the reasonable fee, after OAK identifies the number of hours to be allocated to the three categories of compensable services.
(R. 3229-30). On January 18, 2013, OAK appealed the district court’s order to this Court, challenging the district court’s ruling on its attorney’s fees request. (R. 3234-36).
Upon initial review of the district court’s order and the parties’ briefs, we became concerned about the jurisdictional grounds for hearing this appeal. On October 16, 2013, we requested additional briefing from the parties on the question of whether this Court has jurisdiction to hear this appeal based on the district court’s remand order. After thorough consideration of the district court’s order, the parties’ supplemental briefs, and this Circuit’s precedent, we find that we lack jurisdiction to hear this appeal for the reasons set forth below.
STANDARD OF REVIEW
“We must always be sure of our appellate jurisdiction and, if there is doubt, we must address it, sua sponte if necessary.” Castaneda v. Falcon, 166 F.3d 799, 801 (5th Cir.1999) (citation omitted). Even if the parties do not challenge the appellate jurisdiction of this Court, ‘“we are obligated to examine the basis for our jurisdiction, sua sponte, if necessary.’ ” In re Chunn, 106 F.3d 1239, 1241 (5th Cir. 1997) (quoting Williams v. Chater, 87 F.3d 702, 704 (5th Cir.1996)). When reviewing bankruptcy cases on appeal, this Court has “held that when a district court sitting as a court of appeals in bankruptcy remands a case to the bankruptcy court for significant further proceedings, the remand order is not ‘final’ and therefore not appealable under § 158(d).” In re Nichols, 21 F.3d 690, 692 (5th Cir.1994).
DISCUSSION
This Court’s jurisdiction over appeals from cases arising in bankruptcy court extends to all “final judgments, orders and decrees” entered by the district courts. 28 U.S.C. § 158(d), referencing subsection 158(a); In re Greene Cnty. Hospital, 835 F.2d 589, 590 (5th Cir.1988) (noting that “28 U.S.C. § 158 limits circuit court jurisdiction to ‘final’ orders of district courts”). Discrete legal issues within a bankruptcy case may be appealed separately, however, apart from the bankruptcy case as a whole as long as the district court has made a final judgment as to the discrete legal issue being appealed. In re Orr, 180 F.3d 656, 659 (5th Cir.1999) (“A [bankruptcy] case need not be appealed as a ‘single judicial unit’ at the end of the entire bankruptcy proceeding, but ... the order must dispose of a discrete dispute within the larger bankruptcy case for the order to be considered final.” (quoting In re Texas Extrusion Corp., 844 F.2d 1142, 1155 (5th Cir.1988))).
We must determine whether the district court’s remand order is “final” by *215 deciding whether the remand requires “extensive further proceedings” in the bankruptcy court. Pro-Snax, 157 F.3d at 420. If a district court’s remand order requires extensive further proceedings in the bankruptcy court, then this Court does not view the district court’s order as final, and thus it is not appealable. See In re Caddo Parish-Villas S., Ltd., 174 F.3d 624, 628 (5th Cir.1999) (“A long, unbroken line of cases establishes the general rule in this circuit that a district court order is not a final order under section 158(d) where that order reverses an order of the bankruptcy court and remands the case to the bankruptcy court for significant further proceedings.”). “In determining what constitutes ‘significant further proceedings,’ we distinguish between those remands requiring the bankruptcy court to perform ‘judicial functions’ and those requiring mere ‘ministerial functions.’ ” In re Cortez, 457 F.3d 448, 453 (5th Cir.2006) (citation omitted).
A remand order is considered to be “final” only when the bankruptcy court has nothing left to do upon remand but perform “ministerial functions,” such as an entry of judgment. Caddo Parish-Villas, 174 F.3d at 626 (“A final order is one in which nothing remains to be done but the mechanical entry of judgment by the [bankruptcy] court.” (internal quotations and citations omitted)). A remand order is not final, however, when it requires a bankruptcy court to perform judicial functions, such as additional fact-finding or further factual development, or requires the exercise of judicial discretion. Cortez, 457 F.3d at 453 (“Remands that require the bankruptcy court to perform judicial functions, such as additional fact-finding, are not final orders and, therefore, are not appealable to this court.” (citing In re Aegis Specialty Mktg., Inc., 68 F.3d 919, 921 (5th Cir.1995))); Pro-Snax, 157 F.3d at 420 (noting that a remand order “is not final if it necessitates further factual development or other significant judicial activity involving the exercise of considerable discretion”).
In the instant appeal, neither party has raised the issue of jurisdiction before this Court, however, “we are obligated to examine the basis for our jurisdiction, sua sponte, if necessary.” Cortez, 457 F.3d at 453 (citing In re Chunn, 106 F.3d at 1241) (internal quotations omitted). Furthermore, this Circuit’s precedent establishes that appellate review of an attorney’s fee award is improper when a district court remands a case back to the bankruptcy court to perform additional factual development regarding the attorney’s fee request. See, e.g., Pratt, 524 F.3d at 585 (holding that a remand order was not final when it required the attorney seeking fees to “submit additional evidence regarding his fees and allow[ ] [opposing counsel] the right to examine, question, or otherwise argue against the claimed fees and expenses”); In re Pericone, 319 Fed.Appx. 325, 326 (5th Cir.2009) (noting that “a district court’s remand to a bankruptcy court to determine whether attorneys’ fees were warranted and if so, in what amount, requires the bankruptcy court to perform ‘significant further proceedings.’ ”); In re Gadzooks Inc., 291 Fed.Appx. 652, 654 (5th Cir.2008) (same).
The district court’s order in the instant appeal is not final because it requires the bankruptcy court to perform extensive further proceedings upon remand. The district court explained that there was no factual basis in the record upon which an attorney’s fee award could be granted because “[t]he parties did not identify or provide any efficient way for the court to identify, how many hours OAK spent on these three categories of legal services.” (R. 3229-30). Accordingly, the district *216 court ordered the bankruptcy court to perform further factual development of OAK’s fee request upon remand when it stated that “the fee amount is reversed and this case is remanded for the bankruptcy court to determine the reasonable fee, after OAK identifies the number of hours to be allocated to the three categories of com-pensable services.”[4] (R. 3229-30). See Pratt, 524 F.3d at 585 (finding a remand order was not final when it required the party seeking attorney’s fees to “submit additional evidence regarding his fees”). The district court’s order also required the bankruptcy court to exercise judicial discretion upon remand when determining how the facts presented in OAK’s supplemental attorney’s fees application apply to the three compensable categories of work outlined in the district court’s opinion. (R. 3229-30). Given that the bankruptcy court must perform additional fact-finding and exercise discretion when determining an appropriate attorney’s fee award, the district court’s order requires the bankruptcy court to perform judicial functions upon remand.[5] The district court’s order is therefore not a final order, and as such, it is not appealable to this Court.[6]
We must also decline to accept jurisdiction in this case in order to avoid generating piecemeal appeals. As we have previously held, “[e]ven where a remand neither enhances nor alters this court’s resolution of the issues before it, and even where immediate resolution of an appeal might render the remand futile, we must be wary of accepting jurisdiction where doing so may result in future piecemeal appeals.” Caddo Parishr-Villas, 174 F.3d at 629. If we were to accept jurisdiction in this case and, assuming arguendo, that we affirmed the district court’s decision regarding attorney’s fees, the. bankruptcy court would still have to consider OAK’s *217 supplemental fee request and make a determination of OAK’s fees based upon the three compensable categories of legal services outlined in the district court’s opinion. Were either party to then disagree with the bankruptcy court’s resolution of this issue, the result would be a piecemeal appeal. Accordingly, our interest in preserving judicial resources by avoiding piecemeal appeals further obligates us to decline jurisdiction in this case.
CONCLUSION
OAK has filed a notice of appeal on the district court’s order that required the bankruptcy court to perform judicial functions upon remand. The district court’s order was not final and this Court does not have jurisdiction to hear this appeal accordingly. Therefore, this appeal is DISMISSED for lack of jurisdiction.

. OAK’s nine categories were: (1) case administration; (2) asset disposition; (3) relief from stay/adequate protection proceedings; (4) meeting of and with creditors; (5) fee/employment applications; (6) other contested matters; (7) financing/cash collateral; (8) claims administration and objections; and (9) plan and disclosure statement. (R. 3213).

. In In re Pro-Snax, this Court held that attorney’s fees were only compensable if the legal services "resulted in an identifiable, tangible, and material benefit to the bankruptcy estate.” 157 F.3d 414, 426 (5th Cir. 1998).

.The bankruptcy court found that the following three categories of OAK’s fees were com-pensable under the Pro-Snax rule: (1) the initial review to learn the issues and facts of the cases; (2) negotiations with the Stale of Texas General Land Office to resolve a dispute over four oil and gas leases and over past-due royalties; (3) and OAK’s work with respect to debtor-in-possession funding. (R. 3217).

. The dissenting opinion maintains that the district court’s remand order did not require further discovery in the bankruptcy court. We note, however, that the remand order required OAK to submit additional documentation regarding its attorney's fees.

. The dissenting opinion suggests that the matter before the court is analogous to In re Lift & Equipment Service, Inc,, a case in which we found appellate jurisdiction despite a district court's remand order to the bankruptcy court for further calculation of legal fees. 816 F.2d 1013, 1016 opinion modified on reh’g, 819 F.2d 546 (5th Cir.1987). Respectfully, we disagree. The remand order in the instant case required OAK to submit further proof to the bankruptcy court regarding the segregation of its fees, whereas no further documentation was required in In re Lift & Equipment. As the opinion in In re Lift & Equipment Setvice explains,
“[A]ll requests for payment of administrative and legal expenses have already been approved and the disputed receivables have been accounted for and segregated. What remains is merely the bankruptcy court’s review of the scheduled expenses to determine which items should be deducted from the accounts receivable ... this is no more than a mechanical and ministerial task.”
Id. at 1016.

.OAK asserts that the district court’s order is final and appealable because it only required OAK to submit a supplemental attorney’s fee request in order to allow the bankruptcy court to perform the accounting that the district court ordered, and that such an accounting is a ministerial function. See OAK’s Letter Brief at 3. OAK is essentially asking this Court to discount the judicial functions the bankruptcy court would be required to perform upon remand — such as additional factual development and the exercise of judicial discretion — because those judicial functions will enable the bankruptcy court to then perform the ministerial function of calculating a new attorney’s fee award. We have previously held, however, that "[wjhile in some cases the calculation of attorneys’ fees may be a ministerial duty collateral to the merits of the action ... a remand requiring such a calculation is not final if it necessitates further factual development or other significant judicial activity involving the exercise of considerable discretion.” Pro-Snax, 157 F.3d at 420.