# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-31123
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2014

Lyle W. Cayce
Clerk

In the Matter of: SARAH REVA KAYE,

Debtor

--------------------------------------------------------------------------------------------------------

ORRILL, CORDELL, & BEARY, L.L.C.,

Appellant

v.

SARAH REVA KAYE,

Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-1674

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Appellant Orrill, Cordell, & Beary, L.L.C. ("OCB") appealed an order of
the bankruptcy court to the district court pursuant to 28 U.S.C. § 158(a)(1).
The district court reversed in part and affirmed in part and remanded for
further proceedings. OCB appeals to this court pursuant to § 158(d)(1). We

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-31123

ordered additional briefing on the question of whether this court has appellate jurisdiction to hear this appeal. Because the district court's order was not final, we do not have jurisdiction, and we dismiss for lack of jurisdiction.

Sarah Reva Kaye ("Debtor") filed for bankruptcy under Chapter 7 of the Bankruptcy Code in 2009.[1] The bankruptcy trustee ("Trustee") moved to employ OCB as special counsel and to compensate OCB on a contingency fee basis. The bankruptcy court approved the Trustee's request. After OCB completed its work for the Trustee, OCB asked the bankruptcy court to determine the amount of its contingency fee. The bankruptcy court determined that OCB was entitled to $66,666.67.[2] OCB disagreed with the calculation method used by the bankruptcy judges, and it appealed to the district court. The district court affirmed the bankruptcy court's legal reasoning in part, but it reversed in part regarding the bankruptcy court's fee calculation. The court held that the bankruptcy court should calculate OCB's fees with reference to one-half of the value of Debtor's and her ex-husband's former community property. Because the bankruptcy court "did not have a sufficient basis for its determination of the value of debtor's one-half of the former community property," the court remanded and ordered the bankruptcy court "to determine the value of the debtor's share of the former community." OCB then appealed to this court under § 158(d)(1).

We "must always be sure of [our] appellate jurisdiction." *In re Yazoo Pipeline Co.*, 746 F.3d 211, 214 (5th Cir. 2014) (quoting *Castaneda v. Falcon*,

---

[1] Kaye passed away after filing her bankruptcy petition. Her heirs elected to continue her bankruptcy case.

[2] The bankruptcy court first entered a short order granting fees in this amount. OCB appealed to the district court, and the district court remanded to the bankruptcy court so that it could explain its findings of fact and reasoning. The bankruptcy court filed additional reasons and findings of fact, confirming its original fee determination. OCB again appealed to the district court. The present proceeding arises from the latter appeal.

No. 13-31123

166 F.3d 799, 801 (5th Cir. 1999)). "[I]f there is doubt, we must address it, *sua sponte* if necessary." *Id.* (quoting *Castaneda*, 166 F.3d at 801). We have jurisdiction over "appeals from all final decisions, judgments, orders, and decrees entered" by a district court on appeal from a bankruptcy court. 28 U.S.C. § 158(d)(1). We have held that a bankruptcy court's order is not final if it requires "extensive further proceedings." *Yazoo*, 746 F.3d at 215 (quoting *In re Pro-Snax Distribs., Inc.*, 157 F.3d 414, 420 (5th Cir. 1998)). A remand order requires extensive further proceedings when it requires the bankruptcy judge to perform judicial functions, as opposed to ministerial ones. *Id.* Judicial functions include performing additional fact-finding and exercising judicial discretion. *Id.* ("A remand order is not final . . . when it requires a bankruptcy court to perform judicial functions, such as additional fact-finding or further factual development, or requires the exercise of judicial discretion.").

The district court determined that the bankruptcy court did not have a sufficient basis for determining the value of Debtor's one-half of the former community property. Thus, just as in *Yazoo*, "[t]he district court explained that there was no factual basis in the record upon which an attorney's fee award could be granted." *Id.* at 215. Again, just as in *Yazoo*, the district court's remand order requiring further proceedings was an "order[] . . . to perform further factual development." *Id.* at 216.

In its letter brief to the court, OCB cites *In re Orr*, 180 F.3d 656 (5th Cir. 1999) and argues that *Orr* allows a different result here than in *Yazoo*. Appellant Letter Br. 1-2 (citing *In re Orr*, 180 F.3d 656, 659 (5th Cir. 1999)). But *Orr* turned on the fact that the district court's order order left nothing for the bankruptcy court to do. *See Orr*, 180 F.3d at 659. Thus *Orr* does not allow the court to reach a different result in this case than it did in *Yazoo*.

Because the district court's order requires the bankruptcy court to perform additional fact-finding, the district court's order is not final under 28

No. 13-31123

U.S.C. § 158(d)(1). Accordingly, this appeal is DISMISSED for lack of jurisdiction.