# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2024

Lyle W. Cayce
Clerk

No. 23-20178

———————————

Selva Kumar,

*Plaintiff—Appellant*,

*versus*

Panera Bread Company,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-3779

———————————————————————

Before Wiener, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant and steadfast vegetarian Selva Kumar, proceeding pro se, alleges that Defendant-Appellee Panera Bread Company misrepresented that its broccoli-cheddar soup was free of meat byproducts. The district court granted Panera's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, we AFFIRM in part, and VACATE and REMAND in part.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20178

## I. Facts and Procedural History

Kumar is a "staunch and unfaltering follower of the Hinduism religion."[1]  Central to his faith is a commitment to vegetarianism.  As such, when he eats out at restaurants, Kumar asks whether the food that he orders is vegetarian, including whether it is cooked in the same oil used for animal products.  He notes that "[a]ccidentally consuming meat for a vegetarian is upsetting on many levels."

Kumar alleges that (1) on January 23, 2021, Kumar dined "as usual" at a Panera location in Houston, Texas; (2) every time that he ordered the broccoli-cheddar soup at Panera, he inquired whether it was made with chicken broth; (3) "each time," the answer was no; (4) those representations were false; and (5) he was "fraudulently induced into purchasing [Panera's] products."

Kumar brought this suit in Texas state court, alleging negligence, gross negligence, intentional infliction of emotional distress, and violation of the Texas Deceptive Trade Practices Act (DTPA).  Panera removed the case to federal court on the basis of diversity jurisdiction, then sought dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  The district court allowed Kumar to amend his complaint, which is now the operative pleading.  Panera then filed a second motion to dismiss, which the court granted.  Kumar appeals.

## II. Standard of Review

On appeal, a district court's grant of a motion to dismiss is reviewed de novo, "accepting all well-pleaded facts as true and viewing those facts in

---

[1] Because this case comes to this court on review of a motion to dismiss, all facts in the operative complaint are assumed to be true.  *See Lampton v. Diaz*, 639 F.3d 223, 225 (5th Cir. 2011) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 122 (1997)).

the light most favorable to the plaintiffs." *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)). A complaint survives a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) only if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2008). Pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks and citation omitted). Nevertheless, they must "set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99 (5th Cir. 1993).

### III. Discussion

Kumar challenges the merits, but before we address his arguments, we examine the basis for our jurisdiction, as we are obligated to do. *See In re Yazoo Pipeline Co., L.P.*, 746 F.3d 211, 214 (5th Cir. 2014).

### A. Subject-Matter Jurisdiction

It is axiomatic that federal courts are courts of limited jurisdiction. *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022). As such, this court has an independent responsibility to address questions of subject-matter jurisdiction, even when parties "overlook or elect not to press" the issue. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *see also Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited."). Although Kumar did not raise the subject, on review of the pleadings we sua sponte observed that Panera's amended notice of removal does not properly allege diversity jurisdiction.

For a federal court to exercise diversity jurisdiction, there must be complete diversity between the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 920 (5th Cir. 2001) (citing 28 U.S.C. § 1332). Panera's amended notice of removal alleges that Kumar is a citizen of Texas, a fact which neither party disputes. The notice then states that Panera is a "limited liability company with its principal place of business in Missouri." However, the citizenship of an LLC is not determined by its principal place of business, but instead by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Without correct information as to Panera's citizenship, the district court could not properly exercise diversity jurisdiction. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

This overlooked issue is not fatal to the instant appeal, however, because 28 U.S.C. § 1653 provides a mechanism for amending the pleadings to properly assert jurisdiction. *Id.* at 805–06. Parties may "cure technical defects or failure to specifically allege the citizenship of a party in the appellate courts, but only when the amendment would do nothing more than state an alternative jurisdictional basis for recovery upon the facts previously alleged." *Howery*, 243 F.3d at 919 (internal quotation marks and alteration omitted) (quoting *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000)).

The court requested that the parties file a letter addressing this apparent failure to properly assert diversity jurisdiction. Panera admits that it wrongly pleaded that it is an LLC rather than a corporation. It has attached public records from Missouri and Delaware which establish that it is a corporation with citizenship in each of these states. This court may take judicial notice of "online state agency records" to resolve a jurisdictional defect via amendment on appeal. *See Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 518–19 (5th Cir. 2015) (taking judicial notice of jurisdictional facts from public agency filings as they are "not subject to reasonable dispute"); *MidCap Media Fin., L.L.C. v Pathway Data, Inc.*, 929 F.3d 310, 315 (5th Cir.

2019). Kumar opposes this amendment, claiming that Panera is indeed an LLC, but cites no evidence for his assertions.

Title 28 U.S.C. § 1653 is to be "broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." *Whitmire*, 212 F.3d at 887. The purpose of the statute is to correct "formal mistakes," which is how we would characterize the error made by Panera in its amended notice of removal. *See Midcap Media*, 929 F.3d at 316. We thus elect to take judicial notice of the state agency records attached to Panera's letter and to treat the letter as a motion to amend its notice of removal. We hereby grant that motion. With this amendment, we are satisfied that federal diversity jurisdiction existed at the time of removal and at the time of judgment. *See Howery*, 243 F.3d at 921.

## B. Waiver

In its responsive briefing, Panera argues that Kumar has waived every issue on appeal because he did not adequately brief his arguments. Briefs must "contain appellant's contentions and the reasons for them." FED. R. APP. P. 28(a). As Panera points out, several of the cases that Kumar cites are nonexistent, and those cited cases that do exist are largely irrelevant to his claims. Further, Kumar fails to identify any error in the district court's analysis of at least one of his claims, simply re-urging the same points that he urged below. *See Shaw v. Norman*, 389 F. App'x 408, 409 (5th Cir. 2010) (per curiam) ("When an appellant does not identify error in the district court's analysis, it is the same as if the appellant had not appealed the judgment."). While we recognize the evident shortcomings in his briefing, Kumar's pro se status and impressive effort at self-representation leads us to consider his appellate arguments on their merits. *Cf. Goins v. Dir., Office of Worker's Comp. Programs*, 436 F. App'x 366, 369 (5th Cir. 2011) (per curiam) (describing the adequate briefing standard as a "low hurdle," but finding

arguments waived when plaintiff's brief had *zero* citations to the record or legal authority).

## C. Tort Claims

Kumar appeals the district court's dismissal of his claims for negligence, gross negligence, and intentional infliction of emotional distress. We review each in turn.

"To sustain a negligence action, the plaintiff must produce evidence of a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately caused by that breach." *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001).[2]  In dismissing Kumar's negligence claim, the district court held that his complaint failed to allege any facts supporting the elements of duty, breach, and damages.

We agree with the district court that Kumar has failed to identify a breach of duty owed to him by Panera.  On appeal, Kumar discusses the "reasonable expectations" test, suggesting that Panera acted negligently by failing to warn him of the chicken broth despite knowing about his vegetarianism.  However, this test applies to premises liability claims, not negligence claims. *See Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 215–16 (Tex. 2015) (distinguishing between negligent-activity and premises-defect claims).  Although negligence and premises liability are related, Kumar's amended complaint alleges only that Panera breached a duty owed to him to "act reasonably and perform their responsibilities in such a way as to protect their patrons from injury."  This "action-focused" claim sounds in negligence, not premises liability, which instead concerns injuries resulting

---

[2] As a federal court sitting in diversity, we apply the law of the forum state. *James v. Woods*, 899 F.3d 404, 408 (5th Cir. 2018) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

from a "condition on the premises." *See Austin v. Kroger Tex., L.P.*, 746 F.3d 191, 198 (5th Cir. 2014). Accordingly, we conclude that the district court did not err in dismissing Kumar's claims for simple and gross negligence.

Kumar's complaint also brings a claim for intentional infliction of emotional distress. However, in his briefing before this court, Kumar expressly abandons this claim, stating that he "agrees with the trial court [that] Appellee did not cause Intentional Infliction of [E]motional Distress." He admits that Panera's actions were not intentional, "but [were] still reckless." Although Kumar does not raise this argument, intentional infliction of emotional distress can be established through merely reckless conduct. *See Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993) (citing Restatement (Second) of Torts § 46 (Am. L. Inst. 1965)). But, given Kumar's decision to agree specifically with the district court's holding, we deem this claim abandoned. And, while Kumar may seek to pursue other types of "emotional distress" claims, such as negligent infliction of emotional distress, we are a "court of errors" and may not consider claims that were not before the district court. *See Miller v. Nationwide Life Ins. Co.*, 391 F.3d 698, 701 (5th Cir. 2004).

As the district court properly dismissed each of Kumar's tort claims, we turn now to the DTPA.

## D. The DTPA

The DTPA protects consumers from "[f]alse, misleading, or deceptive acts or practices." Tex. Bus. & Com. Code § 17.46(a). To state a claim under the DTPA, a plaintiff must establish that (1) he or she was a consumer within the meaning of the Act, (2) the defendant violated a specific provision of the Act, and (3) the violation caused the plaintiff's injury. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996) (citing Tex. Bus. & Com. Code § 17.50(a)). Kumar alleges that Panera

fraudulently misled him "regarding the meal ingredients," causing him pain and suffering.

In federal court, a complaint alleging violations of the DTPA is subject to the requirements of Federal Rule of Civil Procedure 9(b), which requires that fraud be pleaded "with particularity." *See Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not."); *see also Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (noting that it is well settled that claims alleging violations of the DTPA are subject to Rule 9(b)'s particularity requirement). A pleading satisfies "particularity" when it alleges the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir. 2015) (citation omitted). However, Rule "9(b)'s ultimate meaning is context-specific." *IAS Servs. Grp., L.L.C. v. Jim Buckley & Assocs., Inc.*, 900 F.3d 640, 647 (5th Cir. 2018). Likewise, "we are mindful that Rule 9(b) does not supplant Rule 8(a)'s notice pleading, which requires only enough facts to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks and citations omitted).

Here, the district court dismissed Kumar's DTPA claim because his complaint failed to allege the identity of the person who made the false representations about the soup. However, given that he is a pro se litigant and has represented in his brief that he is able to submit that name, we conclude that the case should not have been dismissed solely on that basis. *Cf. Erickson v. Pardus*, 551 U.S. 89, 94–95 (2007) (per curiam) (relying, in part, on later filings by a pro se plaintiff to conclude the complaint plausibly alleged harm and explaining "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (citation omitted)). Importantly, his first attorney failed to file

anything, so he was pro se. By the time that he found another attorney, he was not given the necessary time to have that attorney represent him. Moreover, while his complaint was not very clear on the issue of his alleged injury, liberally construing it, he does plead the third element of a DTPA claim: that Panera's actions caused his alleged injury. *See Metro Allied Ins. Agency, Inc. v. Lin*, 304 S.W.3d 830, 834 (Tex. 2009) (defining causation under the DTPA as a "substantial factor in bringing about the injury, without which the injury would not have occurred"); *Amstadt*, 919 S.W.2d at 650 ("[T]he defendant's deceptive trade act or practice is not actionable under the DTPA unless it was committed *in connection with* the plaintiff's transaction in goods or services."). Thus, upon remand, he should be permitted to have his new attorney come in and amend his DTPA claim.

Accordingly, we AFFIRM in part, and VACATE and REMAND in part.